IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SAMUEL DINKINS, | ) | C/A No. 4:08-1058-GRA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN OF LIEBER CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Samuel Dinkins ("petitioner/Dinkins"), a *pro se* prisoner, seeks habeas relief pursuant to 28 U.S.C. §2254. This matter is before the Court on the respondent's motion for summary judgment (document # 13).[1]

The petitioner filed this petition for a writ of habeas corpus on April 1, 2008. On July 9, 2008, the respondent filed a motion for summary judgment, along with supporting memorandum and exhibits. The undersigned issued an order filed July 10, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On August 6, 2008, the petitioner filed a response to the respondent's motion for summary judgment.

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is currently housed in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to Orders of Commitment from the Clerk of Court from Sumter County. At the July 2002 term, the Sumter County Grand Jury issued a three-count indictment of Petitioner for armed robbery, kidnapping, and possession of a firearm during commission of a violent crime (02- GS-43-0495).

Petitioner was represented at the trial level by Lauren Ferrari, Esquire. On June 12th, 2003, Petitioner was tried before the Honorable Howard P. King and a jury. That day, the jury convicted Petitioner as charged. **{PCR App. 133; 243}**. Judge King then sentenced Petitioner to twenty-two (22) years on the armed robbery and kidnapping counts, and five (5) years on the possession count. **{PCR App. 139; 251-53}**.

A timely notice of appeal was filed with the South Carolina Court of Appeals. Assistant Appellate Defender Robert Pachak, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his direct appeal. On February 10th, 2004, Pachak filed a "no merit" Anders Final Brief of Appellant and Petition to be Relieved as Counsel, in which he raised the following issue:

> Whether the trial judge erred when he went to the jury room to correct his charge on which person was kidnapped?

The South Carolina Court of Appeals issued an opinion on September 22, 2004, in which it dismissed the direct appeal. State v. Dinkins, Unpub. Op. No. 04-MO-493 (S.C. Ct. App. 2004). The Remittitur was issued on October 25, 2004.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on October 14, 2004 (04-CP-43-1257), in which he asserted the following issues:

1. Ineffective Assistance of Counsel; Illegal Arrest Warrant;

2. Impartial Juror on Jury Panel 9#102 - Maggie D. Singletary;

3. Conviction Based Solely on Testimony of Co-Defendants In Violation of Sixth Amend (sic) Rights to a Fair Trial.

**{PCR App. 145}**. The State filed a Return dated October 14, 2004. **{PCR App. 153}**. Through appointed counsel Charles T. Brooks, III, Petitioner filed an Amended Application and supporting memorandum, in which he raised the following issues:

1. Trial Counsel failed to challenge the arrest warrant, and police failed to have probable cause;

2. Trial Counsel failed to move to suppress statements of co-defendants;

3. Trial Counsel failed to use defendant's statements to implicate codefendant's statements;

4. Trial Counsel failed to object to Trial Judge speaking with jury in jury room during trial;

5. Trial Counsel failed to object to Juror Number 102, Maggie Singletary, who knew the applicant and had a bias against him because of his prior history with Ms. Singletary's daughter;

**{PCR App. 161}**.

An evidentiary hearing in Petitioner's APCR was held before the Honorable Thomas W. Cooper, Jr., on October 7, 2005, and December 13, 2005. **{PCR App. 165}**. Petitioner was present

3

and represented by counsel Charles Brooks, Esquire. Petitioner and trial counsel both testified. On April 28, 2006, Judge Cooper issued an Order of Dismissal with Prejudice in which he rejected Petitioner's allegations. **{PCR App. 226}**.

Attorney Brooks then filed on May 5, 2003 a notice of appeal with the state supreme court from Judge Cooper's Order of Dismissal. Wanda H. Carter, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his APCR appeal. On August 23, 2006, Carter filed a Petition for Writ of Certiorari, in which she raised the following issue:

> Was defense counsel ineffective in failing to object when the trial judge went into the jury room to correct his charge on which person was kidnapped?

The State filed a Return to the Petition for Certiorari on December 19, 2006.

On October 18, 2007, the South Carolina Supreme Court issued an order in which it denied the Petition for Writ of Certiorari. The Remittitur was issued on November 5, 2007.

## II. PETITIONER'S GROUND FOR RELIEF

On April 1, 2008, the petitioner filed this habeas petitioner raising the following ground, quoted verbatim:

> **Ground One:** Ineffective assistance of counsel.
>
> Trial counsel failed to object and preserve for appellate review the judge's actions of physically going into the jury room while they deliberate. The Judge's talk to the jury and the record don't show what was said.

(Petition).

Based on a review of the trial transcript, petitioner was convicted for being part of a group which committed armed robbery of a Burger King as the employees were closing for the night. Based

on the testimony, the group entered the Burger King with guns, took one employee, Amy Fullard, to the freezer by gun point, and hit one male employee over the head with a gun. During the charge, the trial judge stated Count Two of the indictment was for the kidnapping of one Amy Fullard. (Tr. 119). However, later in the charge, the trial judge used the name Ms. Angela Green[2] instead of Amy Fullard. (Tr. 125). After the charge, the trial judge sent the jury to the jury room but instructed them not to begin deliberations at that point. Outside the presence of the jury, the trial judge put on the record that he used the name Angela Green when he was talking about Kidnapping and it should have been Amy Fullard. He received the permission of both counsel to "just go to the jury room door and tell them that the alleged kidnapping was of Amy Fullard and not Angela Green, any objection to that?" (Tr. 130). Both trial counsel and prosecutor stated on the record that they had no objection. (Tr. 130).

### III.  SUMMARY JUDGMENT

As stated above, on July 9, 2008, the respondent filed a return and memorandum of law in support of their motion for summary judgment and petitioner filed a response in opposition.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court

---

[2] Angela Green testified at the trial that she was petitioner's girlfriend.

5

assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In <u>Celotex</u>, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.*  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### V.  DISCUSSION AS TO PROCEDURAL BAR

#### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories

rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any

9

means to do so, he will be required to return to the state courts to exhaust the claims. <u>Rose</u> 455 U.S. at 515.

Respondent asserts that he "[s]ees no exhaustion issue." (Memorandum p. 5).

### 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the
> defendant succeeds in showing both "cause" for noncompliance with

10

> the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective

11

assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

The respondent contends that the issue raised in this habeas petition is procedurally barred from review and is without merit. Specifically, respondent argues that petitioner raised the issue in the context of ineffective assistance of trial counsel while the PCR court only ruled on the claim with regard to ineffective assistance of appellate counsel not trial counsel. Thus, respondent asserts that since the PCR court did not address the issue in the context in which it is now raised, and no Rule

59 motion was filed to seek a ruling on the issue in the context of trial counsel, then the claim as to trial counsel would not have been preserved for PCR appeal.

The court agrees with respondent that in the order of dismissal the PCR court addressed the issue as one of ineffective assistance of appellate counsel and did not address this issue as one of ineffective assistance of trial counsel for "fail[ing] to object and preserve for appellate review the judge's actions of physically going into the jury room while they deliberated." (Federal Habeas petition).  A review of the order of dismissal reveals that the PCR judge concluded that petitioner alleged "that appellate counsel was ineffective for failing to raise the issue that the trial judge went into the jury room to talk to the jurors. This Court finds that this is the exact issue raised by Applicant's appellate counsel and ruled on by South Carolina Court of Appeals. Further, this Court finds that Applicant had an Anders appeal." (Tr. 232 and 233). The PCR judge does not reach a decision on the issue that trial counsel was ineffective.

A review of the record reveals that petitioner's appellate attorney submitted a brief to the South Carolina Court of Appeals pursuant to Anders v. California, 386 U.S. 738 (1967)[3] raising the following issue: "whether the trial judge erred when he went to the jury room to correct his charge on which person was kidnapped." (*See* Final Anders brief of Appellant). The South Carolina Court of Appeals stated in its decision that petitioner "contends the trial judge erred when he visited the jury room alone to correct a mistake in his charge.. . . After a thorough review of the record and counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967) . . we dismiss Dinkin's appeal and grant counsel's motion to be relieved." (Order dismissing direct appeal).

Even if petitioner did raise this issue in his PCR appeal, this issue is still barred from federal review in that the issue was  procedurally defaulted in state court under Coleman v. Thompson, 501

---

[2] When a brief is submitted pursuant to Anders v. California, the appellant court conducts a review of the entire record for meritorious issues. If meritorious issues are suspected, the appellate court will direct the parties to brief the issues and proceed with appeal.

U.S. 722, (1991), because it was not ruled upon by the PCR judge and the petitioner did not obtain a ruling via a Rule 59(e) motion. Further, the petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the respondent's motion for summary judgment be granted.[4]

---

[4] It appears that the issue of whether or not the trial judge erred when he went to the jury room to correct his charge as to the name of the person kidnapped was raised and reviewed under an Anders review by the South Carolina Court of Appeals and dismissed.

## VI. CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (docket entry #13) be GRANTED and the petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

November 13, 2008
Florence, South Carolina

        **The parties' attention is directed to the important notice on the next page.**